# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **Michael Barack and Michelle Barack**, individually and on behalf of a class | § § § § | |
| Plaintiffs, | § § | CA No: 3:22-cv-890 |
| v. | § § | |
| **NP Home Buyers, LLC** | § § | |
| Defendant | § | |

**COMPLAINT - CLASS ACTION**

1. **INTRODUCTION**

    1.1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991 generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

    1.2. This action arises out of Defendant, NP Home Buyers, LLC's ("Defendant"), practice of making prerecorded telemarketing calls to individuals without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA") and provisions of the Texas Business

Class Action Complaint - P a g e | 1

& Commerce Code.

1.3. Plaintiffs have done no business with Defendant and have not provided Defendant prior express written consent to call their cellular telephones with prerecorded messages.

1.4. Accordingly, Plaintiffs bring this TCPA action on behalf of themselves and two classes of similarly situated individuals under 47 U.S.C. §§ 227(b) and Texas Business & Commerce Code § 305.053.

2. **JURISDICTION AND VENUE**

2.1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

2.2. This Court also has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a), because it is so closely related to the federal claims that they form a single case or controversy.

2.3. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District and has committed tortious acts in this District.

2.4. Venue is proper in this District because Defendant's headquarters is in this District and it conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

3. **PARTIES**

3.1. Plaintiff Michael Barack is, and at all times mentioned herein was, a citizen and resident of Grapevine, Texas.

3.2. Michael Barack is, and at all times mentioned herein was, a "person" as defined by 47

U.S.C. § 153(39).

3.3. Michael Barack is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

3.4. Plaintiff Michelle Barack is, and at all times mentioned herein was, a citizen and resident of Grapevine, Texas.

3.5. Michelle Barack is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

3.6. Michelle Barack is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

3.7. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

3.8. Defendant is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

3.9. Defendant is, and at all times mentioned herein was, a Texas limited liability company headquartered in Irving, Dallas County, Texas.

3.10. Defendant buys and sells homes and provides home selling services to residential customers. https://nphomebuyers.com/

4. **THE LAW REGARDING ROBOCALLS**

4.1. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

4.2. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

4.3. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

4.4. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

4.5. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).

5. **GENERAL FACTUAL ALLEGATIONS**

   5.1. Defendant, or someone acting on its behalf and at its direction, makes prerecorded telemarketing calls marketing its home buying and selling services.

   5.2. Upon information and belief, Defendant, or someone acting on its behalf and at its direction, utilizes a mechanism or technology that allows Defendant to leave a "ringless" voicemail that delivers a prerecorded message to the recipient's telephone.

   5.3. Because these calls were made with an artificial or prerecorded voice and made to cell phones the calls violate the TCPA.

6. **PLAINTIFF MICHAEL BARACK'S FACTUAL ALLEGATIONS**

   6.1. Michael Barack is the owner and user of a cellular telephone number 817-657-4850.

   6.2. Michael Barack's cellular telephone number 817-657-4850 is used for residential purposes.

   6.3. Michael Barack's cellular telephone number 817-657-4850 is a telephone number assigned to a cellular telephone service. *Breda v. Cellco P'ship*, 934 F.3d 1, 4–5 (1st Cir. 2019); *Susinno v. Work Out World, Inc.*, 862 F.3d 346, 349 (3d Cir. 2017); *Osorio v. State Farm Bank*, 746 F.3d 1242, 1257 (11th Cir. 2014); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009); *Diugosh v. Directbuy, Inc. of San Antonio*, 2013 WL 5773043 (W.D. Tex. Oct. 24, 2013).

   6.4. Michael Barack received Defendant's prerecorded telephone call on his cellular residential number 817-657-4850 as described herein.

   6.5. On April 11, 2022 at approximately 1:31 PM, Michael Barack received a missed call notification of a missed call from 817-813-8038.

6.6. On April 11, 2022 after 1:31 PM, a voicemail message from the number 817-813-8038 appeared in Michael Barack's mailbox.

6.7. Michael Barack listened to the message.

6.8. The voicemail was a prerecorded voice message from Defendant offering home selling and buying services.

6.9. Michael Barack did not provide prior express written consent (or any consent) to Defendant for this or any telephone call.

6.10. At 2:36 on April 11, 2022, Michael Barack received a text from 817-898-3899. The test read, "Good Afternoon, Michelle, if you would like a fair cash offer for your property, feel free to give me a call! – Dale. Reply STOP to unsubscribe."

6.11. After receiving the unsolicited prerecorded voicemail message, Michael Barack contacted Defendant to see what Defendant was promoting and to determine how Defendant received his telephone number. At no time did Michael Barack contact Defendant **prior** to receiving the unwelcome robo-call.

7. **PLAINTIFF MICHELLE BARACK'S FACTUAL ALLEGATIONS**

7.1. Michelle Barack is the owner and user of a cellular telephone number 817-683-8532.

7.2. Michelle Barack's cellular telephone number 817-683-8532 is used for residential purposes.

7.3. Michelle Barack's cellular telephone number 817-683-8532 is a telephone number assigned to a cellular telephone service. *Breda v. Cellco P'ship*, 934 F.3d 1, 4–5 (1st Cir. 2019); *Susinno v. Work Out World, Inc.*, 862 F.3d 346, 349 (3d Cir. 2017); *Osorio v. State Farm Bank*, 746 F.3d 1242, 1257 (11th Cir. 2014); *Satterfield v. Simon & Schuster, Inc.*,

569 F.3d 946 (9th Cir. 2009); *Diugosh v. Directbuy, Inc. of San Antonio*, 2013 WL 5773043 (W.D. Tex. Oct. 24, 2013).

7.4. Michelle Barack received Defendant's prerecorded telephone call on her cellular residential number 817-683-8532 as described herein.

7.5. On April 11, 2022 at approximately 1:32 PM, Michelle Barack received a missed call notification of a missed call from 817-813-8038.

7.6. On April 11, 2022 after 1:32 PM, a voicemail message from the number 817-813-8038 appeared in Michelle Barack's mailbox.

7.7. Michelle Barack listened to the message.

7.8. The voicemail was a prerecorded voice message from Defendant.

7.9. The voicemail was a prerecorded voice message from Defendant offering home selling and buying services.

7.10. Michelle Barack did not provide prior express written consent (or any consent) to Defendant for this or any telephone call.

8. **DEFENDANT'S LIABILITY**

8.1. Because Defendant's calls constitute telemarketing, Defendant was required to obtain prior express written consent from the persons to whom Defendant made calls.

8.2. "Prior express written consent" is specifically defined by statute as:

8.2.1. [A]n agreement, in writing, bearing the signature of the person called **that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice**, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. §64.1200(f)(8)

8.3. Plaintiffs never provided Defendant with any consent, written or otherwise.

8.4. Accordingly, each of Defendant's telemarketing calls to Plaintiffs using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

8.5. For violations of 47 U.S.C. § 227(b), Plaintiffs are entitled to a minimum of $500 per call.

8.6. Plaintiffs are entitled to $1,500 per call if Defendant's actions are found to be knowing or willful.

8.7. In addition, pursuant to § 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

8.8. As set forth above, Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.

8.9. Accordingly, Plaintiffs are entitled to a permanent injunction, and the greater of $500.00 for each violation or Plaintiffs' actual damages for each call made by Defendant. *See* Tex. Bus. & Com. Code § 305.053(b).

8.10. Plaintiffs are entitled to an additional $1,500 per call if Defendant's actions are found to be knowing or intentional. *See* Tex. Bus. & Com. Code § 305.053(c).

9. **Article III Standing**

9.1. Plaintiffs have Article III standing for their claim under the TCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). *See also*, *Cranor v. 5 Star Nutrition, L.L.C.,* 998

F.3d 686, 690 (5th Cir. 2021); *Jamison v. Esurance Ins. Servs., Inc.,* No. 3:15-CV-2484-B, 2016 WL 320646, at *3 (N.D. Tex. Jan. 27, 2016).

9.2. Plaintiffs were harmed by Defendants' actions of calling their residential phone while the telephone numbers were on the Do Not Call Registry, without consent and with a pre-recorded voice in the following manners:

9.2.1. Plaintiffs' privacy was invaded by Defendants;

9.2.2. Plaintiffs were harassed and abused by Defendants' telephone calls;

9.2.3. Defendants' calls were a nuisance to Plaintiffs;

9.2.4. Plaintiffs' phones were unavailable for other use while processing the illegal calls from Defendants;

9.2.5. Defendants illegally seized Plaintiffs' telephone lines while they made illegal the illegal calls to Plaintiffs' cellular telephones;

9.2.6. Plaintiffs' telephone lines were occupied by the unauthorized calls from Defendants;

9.2.7. Defendants' seizure of Plaintiffs' telephone lines was intrusive; and

9.2.8. Plaintiffs were inconvenienced by Defendants' calls, by among other things, having to listen to the prerecorded message

9.3. These forms of actual injury are sufficient for Article III standing purposes.

10. **CLASS ACTION ALLEGATIONS**

10.1. Plaintiffs bring this action under Fed. R. Civ. P. 23 on behalf of two proposed "Classes," the "TCPA Class" and the "Texas Class" as defined as follows:

10.1.1. "TCPA 227(b) Class"

10.1.1.1. Since April 20, 2018, Plaintiff and all persons within the United States to whose cellular telephone number Defendant placed (or had placed on its behalf) a prerecorded or artificial voice telemarketing call.

10.1.2. Texas § 305.053 Class"

10.1.2.1. Since April 20, 2018, Plaintiff and all residents of the State of Texas to whose telephone number Defendant: (1) placed (or had placed on its behalf) a call in violation of 47 U.S.C. § 227 or regulation promulgated thereunder.

10.2. The TCPA Class and the Texas Class are collectively referred to herein as the "Classes."

10.3. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families.

10.4. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

10.5. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

10.5.1. The time period(s) during which Defendant placed its calls;

10.5.2. The telephone numbers to which Defendant placed its calls;

10.5.3. The telephone numbers for which Defendant had prior express written consent;

10.5.4. The purposes of such calls; and

10.5.5. The names and addresses of Class members.

10.6. The Classes are comprised of hundreds, if not thousands, of individuals.

10.7. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

10.7.1. Whether Defendant (or someone acting on its behalf) used an artificial or prerecorded voice in placing its calls;

10.7.2. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

10.7.3. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

10.7.4. Whether Defendant should be enjoined from engaging in such conduct in the future.

10.8. Plaintiffs are members of the Classes in that Defendant placed one or more calls using an artificial or prerecorded voice to Plaintiffs' cells phones.

10.9. Plaintiffs' claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

10.10. Plaintiffs and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

10.11. Plaintiffs have no interests antagonistic to, or in conflict with, the Classes.

10.12.  Plaintiffs will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

10.13.  Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

10.14.  The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

10.15.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

10.16.  Common questions will predominate, and there will be no unusual manageability issues.

11. **FIRST CAUSE OF ACTION -Violations of the TCPA, 47 U.S.C. § 227(b) (On Behalf of Plaintiffs and the TCPA 227(b) Class)**

    11.1. Plaintiffs and the proposed TCPA 227(b) Class incorporate the foregoing allegations as if fully set forth herein.

    11.2.  Defendant placed, or had placed on its behalf, prerecorded telemarketing telephone call to Plaintiffs' and TCPA 227(b) Class Members' cellular telephone numbers without prior express written consent.

    11.3. Defendant has therefore violated 47 U.S.C. § 227(b).

    11.4.  As a result of Defendant's unlawful conduct, Plaintiffs and TCPA 227(b) Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

11.5. Plaintiffs and the TCPA 227(b) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

12. **SECOND CAUSE OF ACTION – Violations of Texas § 305.053 Class (On Behalf of Plaintiffs and the Texas § 305.053 Class)**

    12.1.    Plaintiffs and the proposed Texas § 305.053 Class incorporate the foregoing allegations as if fully set forth herein.

    12.2.    Defendant placed, or had placed on its behalf, at least one prerecorded telemarketing telephone call to Plaintiffs' and Texas § 305.053 Class Members' cellular telephone numbers.

    12.3.    Each of these calls violated 47 U.S.C. § 227(b).

    12.4.    Plaintiffs and Texas § 305.053 Class Members are entitled to:

        12.4.1.    a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305;

        12.4.2.    the greater of $500 for each violation or Plaintiffs' and Texas § 305.053 Class Members' actual damages (*see* Tex Bus. & Com. Code §304.053(b);

        12.4.3.    the greater of $1,500 for each violation or Plaintiffs' and Texas § 305.053 Class Members' actual damages for each call made knowingly or intentionally (*see* Tex. Bus. & Com. Code §304.053©.

13. **PRAYER FOR RELIEF**

    13.1. **WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, pray for the following relief:

        13.1.1.    An order certifying the Classes as defined above, appointing Plaintiffs as

the representatives of the Classes and appointing their counsel as Class Counsel;

13.1.2. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. §§ 227(b);

13.1.3. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

13.1.4. An award of statutory damages;

13.1.5. An award of treble damages;

13.1.6. An award of reasonable attorneys' fees and costs; and

13.1.7. Such other and further relief that the Court deems reasonable and just.

## 14. Jury Demand

14.1. Plaintiffs request a trial by jury of all claims that can be so tried.

Respectfully submitted,

By: */s/ Chris R. Miltenberger*
Chris R. Miltenberger
Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorneys for Plaintiff**